# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 97-40480

---

ERIC C. CHACHERE,

Plaintiff-Appellant,

versus

FREDERICO BARERRA, Lieutenant;
CESAR GUERRA; MICHAEL BEHRENS;
GOTTA HARMON; ERNALDO TREVINO,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas

---

February 18, 1998

Before POLITZ, Chief Judge, GARWOOD and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

Eric G. Chachere, a Texas state prisoner, has filed a motion to proceed on appeal notwithstanding his noncompliance with the district court's order requiring him to execute the documents necessary to authorize withdrawals from his inmate account. Chachere contends that the authorization form of the Texas Department of Criminal Justice (TDCJ) does not comply with the Prison Litigation Reform Act (PLRA).[1] For the reasons assigned, the motion is denied.

---

[1] 28 U.S.C. § 1915.

## Background

Chachere filed a civil rights complaint against several correction officials, alleging that they had subjected him to deliberate indifference and excessive force. Following a trial on the merits, the jury returned a verdict in favor of the defendants. Chachere timely filed a notice of appeal and an application to proceed *in forma pauperis* which the magistrate judge granted. Chachere was not required to pay an initial partial filing fee, but was ordered to pay the $105 filing fee in installments.

In accordance with the PLRA, the magistrate judge ordered the TDCJ Local Funds Division to deduct 20% of each deposit made to Chachere's inmate trust account and to forward same to the court. Consistent with the PLRA, the order provided that the account balance must exceed $10 before a deduction may be made. Chachere was ordered to execute the instruments necessary to authorize the TDCJ to withdraw the funds from his account.

Chachere refused to sign the authorization form tendered, contending that it did not comply with the PLRA because it did not explicitly prohibit withdrawals from his account when the balance was below $10. The magistrate judge issued a notice of noncompliance; Chachere subsequently filed a motion to proceed on appeal.

## Analysis

Section 1915(b)(2) of the PLRA provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding

2

month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

The authorization form at issue gives the TDCJ consent to withdraw from Chachere's trust fund account 20% of each deposit made to the account until the full amount of the filing fee is satisfied. The form does not include the $10 threshold. The specific language of the PLRA, however, does not mandate the use of an authorization form or, if one is used, that the form specifically include both the 20% and $10 limitations. Absent evidence to the contrary, we assume that TDCJ personnel will comply with the requirements of the PLRA. The PLRA has not automatically been violated by the TDCJ's failure to track the language of section 1915(b)(2) in its consent form. We perceive no basis for concluding that the TDCJ would withdraw funds from Chachere's account in violation of the $10 minimum prescribed by the PLRA and the court's order. Although it would be preferable if the form explicitly referred to the $10 threshold, as well as the 20% deduction level, and we urge the TDCJ to consider revising same at the next printing, we decline to rule that the current consent form, as utilized herein, violates the PLRA.

Chachere's motion to proceed on appeal is DENIED. We return this matter to the district court to permit Chachere an opportunity to execute the required authorization form. If he fails to do so timely his appeal will be dismissed.